UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EMERY and
RYAN BURGDORF,

                Plaintiffs,         Civil Action No. 15-11113
                                             Honorable Sean F. Cox
v.                                       Magistrate Judge David R. Grand

JOSEPH R. BURTCH, M.D.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE [9]**

**I.    REPORT**

      **A.    Background**

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. At all times relevant, Plaintiffs Neil Emery ("Emery") and Ryan Burgdorf ("Burgdorf") (collectively, "Plaintiffs") were incarcerated at the Central Michigan Correctional Facility ("STF"). (Doc. #1 at ¶¶ 1-2). The sole defendant is Dr. Joseph Burtch ("Burtch"), who, as a physician for a private medical contractor, treated Plaintiffs during their incarceration at STF. (*Id.* at ¶¶ 3, 6, 17). Plaintiffs allege that Burtch sexually assaulted them, in violation of their Eighth Amendment right to be free from cruel and unusual punishment. On July 1, 2015, this case was referred to the undersigned for all pretrial purposes. (Doc. #6).

On July 7, 2015, Burtch filed a motion to dismiss Plaintiffs' complaint. (Doc. #9). Plaintiffs filed a response on July 29, 2015 (Doc. #11), as well as a separate motion for leave to amend their complaint, which included a proposed amended complaint. (Docs. #12, 12-1). On August 3, 2015, Burtch filed a reply brief in support of his motion to dismiss. (Doc. #13).

However, Burtch's reply brief did not mention Plaintiffs' proposed amended complaint, nor address any of its amendments. On August 18, 2015, Plaintiffs filed supplemental authority – a Second Circuit case, *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015), that had been decided days earlier. (Doc. #14).[1]

### B. Plaintiffs' Allegations

#### i. *Plaintiffs' Initial Complaint*

In their initial complaint, Plaintiffs alleged that Dr. Burtch sexually assaulted them while providing medical care, in violation of the Eighth Amendment. More specifically, Emery alleged that during a February 5, 2014 ear examination, Burtch "leaned into Emery's knees so that [Burtch's] penis was on Emery's kneecaps, and applied pressure for at least twenty seconds." (Doc. #1 at ¶¶ 6-8). Emery also alleged that Burtch "then backed away and grabbed an instrument to inspect Emery's nasal cavities [and again] leaned his penis onto Emery's knees and moved his hips around from left to right for at least 30 to 45 seconds." (*Id.* at ¶ 9). Emery contended that he "tried to move away, but could not because he was trapped against the bed [and was] [f]earful that he would receive punishment for any attempt to escape the situation…" (*Id.* at ¶ 10). Emery claimed to suffer various psychological impairments as a result of Burtch's alleged conduct. (*Id.* at ¶ 15). Burgdorf made similar allegations. He alleged that at a medical appointment with Burtch on February 1, 2014, Burtch "placed his penis on Burgdorf's kneecaps and rubbed it around…[and] put his hands on Burgdorf's lips in a sexually suggestive manner. (*Id.* at ¶¶ 17-18). Burgdorf further claimed that "Burtch similarly sexually assaulted Burgdorf, as he had sexually assaulted Emery, during other appointments with him." (*Id.* at ¶ 19). Burgdorf alleged suffering from both physical and mental impairments as a result of Burtch's alleged

---

[1] As discussed below, although *Crawford* is not binding on this Court, it is quite relevant to the Court's consideration of Burtch's instant motion.

conduct. (*Id.* at ¶¶ 20-21).

### ii. Plaintiffs' Proposed Amended Complaint

After Burtch filed his instant motion to dismiss, Plaintiffs filed a motion to amend their complaint, and attached to it a proposed amended complaint. (Doc. #12, #12-1). Although Plaintiffs' proposed amended complaint is quite similar to their initial one, it contains some additional allegations which are germane to their Eighth Amendment claims. In particular, Emery alleges that, during the alleged February 5, 2014 incident, he "looked down at his knee area and could see [Burtch] moving his hips back and forth and could see the outline of an erect penis," and that he "could feel [Burtch's] erected penis pressed against his leg." (Doc. #12-1 at ¶¶ 10-11). Burgdorf alleges that during the time when Burtch rubbed his penis on Burgdorf's legs, Burgdorf felt Burtch "become aroused." (*Id.* at ¶¶ 26-27). Burgdorf also alleged that "[Burtch] similarly sexually assaulted [him] on three other medical visits in the same manner." (*Id.* at ¶ 29).

## C. Applicable Legal Standards

### i. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations as true.[2] *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "'is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements." *Hogan v. Visio Fin. Servs., Inc.*, 2015 WL 3916084, at *3 (E.D. Mich. June 25, 2015) (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Line Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotations omitted). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

---

[2] Burtch argues that, "It would not be unlikely that Plaintiff Burgdorf, a felon imprisoned for criminal sexual conduct, would concoct a story of sexual abuse and then convince a fellow inmate (i.e. Emery) to come forward with similar allegations, in an attempt to bolster Burgdorf's false allegations." (Doc. #9 at 20). This argument fails because, when deciding a motion to dismiss, "[i]t is not the function of the court to weigh evidence or evaluate the credibility of witnesses." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). Similarly, Plaintiffs' request to convert Burtch's motion into one for summary judgment due to Burtch's alleged "total lack of honesty" (Doc. #11 at 5) lacks merit. Again, at this stage of the proceedings, the Court tests only the sufficiency of the factual matter pleaded, and, as noted above, accepts that pleaded factual matter as true. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

> ii. *Eighth Amendment*

The Eighth Amendment protects inmates from cruel and unusual punishment. Such claims must satisfy both an objective and subjective test. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With respect to claims by an inmate that he was subjected to sexual abuse by a prison employee, the Sixth Circuit has applied the standards articulated in *Hudson v. McMillian*, 503 U.S. 1, 8 (1992), as to these two prongs: "first, the alleged force should be objectively harmful enough to establish a constitutional violation," and second, the official must have acted with a sufficiently culpable state of mind." *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (internal quotation marks omitted).

**D.   Analysis**

> i. *Plaintiffs' Motion to Amend His Complaint*

After Burtch filed his motion to dismiss, Plaintiffs filed both a response to that motion (Doc. #11) and a separate motion to amend their complaint (Doc. #12). Fed. R. Civ. P. 15(a) governs motions to amend, and provides, in relevant part:

(1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:

    (A)   21 days after serving it, or

    (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Because Plaintiffs filed their motion to amend within 21 days of Burtch's motion (inclusive of the three days provided for in Rule 6(d)), they were permitted to amend their complaint as a matter of right, and did not need to file a motion to amend. *Id.*; *see also Broyles v. Correctional Med. Servs.*, 2009 WL 3154241, at *3 (E.D. Mich. Jan 23, 2009) (Rule 15(a) gives a plaintiff an "absolute right" to amend a complaint within 21 days of the filing of a responsive pleading);

5

*Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000) (same). Accordingly, the Court deems Plaintiff's amended complaint filed as of today's date, and, in a separate Order, will deny as moot Plaintiffs' motion for leave to amend.

> ii. *The Filing of Plaintiffs' Amended Complaint Moots Burtch's Motion to Dismiss*

The law is clear that an amended complaint, when filed, supplants the original complaint and becomes the only live complaint in the case. *See Parks v. Federal Express Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001). *See also Long v. County of Saginaw*, 2014 WL 1845811, at *3 fn. 1 (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) ("Because amended pleadings supersede original pleadings, 'the original pleading no longer performs any function in the case ...'"). Therefore, any motion directed at the original complaint is moot in the face of the filing of the amended complaint. *See Allstate Ins. Co. v. Prescription Partners, LLC*, 2013 U.S. Dist. LEXIS 138536, *2 (E.D. Mich. Sept. 5, 2013) (denying as moot defendant's motion to dismiss original complaint in face of filing of amended complaint). For that reason alone, the Court should deny without prejudice Burtch's instant motion to dismiss.

The recommendation to deny Burtch's motion is even more appropriate considering that Burtch did not address Plaintiffs' amended complaint in his reply brief. This conclusion hardly places form over substance in this instance; between new facts alleged in Plaintiffs' amended complaint, and, now, the Second Circuit's recent decision which discusses in detail the principal case on which the Sixth Circuit's relevant precedent is based, it would be inappropriate to grant Burtch the relief he seeks without the parties fully briefing these matters.

For example, Burtch argues that dismissal is warranted largely because "Plaintiffs allege that Defendant's contact happened on just two occasions, specifically: (1) February 5, 2014, at

Emery's medical exam; and (2) February 1, 2014, at Burgdorf's medical exam. As such, Plaintiffs allege isolated events, happening infrequently, and on only two separate single occasions." (Doc. #9 at 13-14). While the accuracy of Burtch's premise was questionable at the outset (*cf.* Doc. #1 at ¶ 19 ("Burtch similarly sexually assaulted Burgdorf, as he had sexually assaulted Emery, *during other appointments with him.*") (emphasis added)), it clearly is inaccurate now in light of Burgdorf's allegation in the amended complaint that "[Burtch] similarly sexually assaulted [him] on *three other medical visits* in the same manner." (Doc. #12-1 at ¶ 29).

Burtch also relies heavily on *Jackson*, *supra*, and its progeny for the proposition that Plaintiffs' allegations do not rise to the level of an Eighth Amendment violation. In *Jackson*, a male prisoner alleged that a prison employee violated the Eighth Amendment by rubbing and grabbing the plaintiff's buttocks "in a degrading and humiliating manner during a shakedown." *Jackson*, 158 F. App'x at 661. In finding that Jackson had failed to state a claim for relief under the Eighth Amendment, the Sixth Circuit cited extensively to the Second Circuit's analysis in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997):

> The Second Circuit, among other circuits, has held that "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." The Second Circuit stated that "there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." In *Boddie*, the plaintiff, a male prisoner, alleged that a female prison guard squeezed his hand, touched his penis, and made sexually suggestive comments, and on a separate occasion told him to take off his sweatshirt and twice pinned him to a door with her body. The Second Circuit concluded that "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.' Nor were the incidents cumulatively egregious in the harm they inflicted." The alleged incidents, the court held, did "not involve a harm of federal constitutional proportions." The [conduct alleged by Jackson] here was isolated, brief, and not severe.

*Jackson*, 158 F. App'x at 662 (internal citations omitted).

On August 11, 2015, however, the Second Circuit, in *Crawford*, 796 F.3d 252 (2d Cir. 2015), cast a very different light on *Boddie*:

> …in the nearly two decades since *Boddie* was decided, societal standards of decency regarding sexual abuse and its harmful consequences have evolved. Without suggesting that *Boddie* was wrongly decided in 1997, we conclude that the result in that case would likely be different applying the same rule today.[3]
>
> In *Boddie*, we left no doubt that sexual abuse by a corrections officer can give rise to an Eighth Amendment claim. With respect to the Eighth Amendment's objective component, *Boddie* made clear that "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." We held, however, that *Boddie* failed to state an Eighth Amendment claim after a female corrections officer made a pass at an him, squeezed his hand, touched his penis, called him a "sexy black devil," and bumped into him "with her whole body vagina against penis." We concluded that no single incident was sufficiently serious and that the series of incidents were not "cumulatively egregious" enough to reach constitutional dimensions.
>
> Applying *Boddie* and other district court cases interpreting *Boddie*, the district court concluded that the isolated instances during which [a guard] fondled [the plaintiff inmates'] genitalia did not rise to the level of a constitutional violation. The district court reasoned that, under *Boddie*, sexual abuse only states a cognizable Eighth Amendment claim if it occurs on more than one occasion, is "excessive in duration," involves direct contact with an inmate's genitalia (rather than contact through an inmate's clothing, as was the case here), or causes "physical injury, penetration, or pain."
>
> *Boddie* does not support that narrow interpretation. *Boddie* held that sexual abuse by a corrections officer may constitute cruel and unusual

---

[3] Earlier in its opinion, the Second Circuit wrote, "sexual abuse of prisoners, once passively accepted by society, deeply offends today's standards of decency. The proper application of the rule in *Boddie* must reflect these standards." *Crawford*, 796 F.3d at 254. The same considerations apply here; as the Sixth Circuit noted in *Jackson*, 158 F. App'x at 662, the "**objective element**, which focuses on whether an unnecessary and wanton infliction of pain was imposed, **is 'contextual and responsive to contemporary standards of decency.'**" (emphasis added) (citation omitted).

8

punishment if it is "severe or repetitive." Thus, a single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct. **Recurrences of abuse, while not a prerequisite for liability, bear on the question of severity**: Less severe but repetitive conduct may still be "cumulatively egregious" enough to violate the Constitution.

To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment. **Similarly, if the situation is reversed and the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident** because there can be no penological justification for such contact.

*Crawford*, 796 F.3d at 256-57 (footnote added) (emphasis added).

In light of Plaintiffs' amended allegations about the number of times that Burtch engaged in the sexually abusive contact, and that Burtch became aroused while rubbing his penis on both Emery and Burgdorf, the Court finds it most appropriate to deny Burtch's instant motion to dismiss without prejudice, and direct him to specifically address the issues raised herein if he chooses to file a renewed motion to dismiss Plaintiffs' amended complaint.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Doc. #9) be **DENIED WITHOUT PREJUDICE**.

Dated: October 26, 2015　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2015.

    s/Felicia Moses for Eddrey O. Butts
    EDDREY O. BUTTS
    Case Manager