UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EMERY and
RYAN BURGDORF,

           Plaintiffs,        Civil Action No. 15-11113
                                      Honorable Sean F. Cox
v.                                        Magistrate Judge David R. Grand

JOSEPH R. BURTCH, M.D.,

           Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS [18]

**I.    REPORT**

    **A.    Background**

This is a prisoner civil rights action brought pursuant to 42 U.S.C. §1983. At all relevant times, Plaintiffs Neil Emery ("Emery") and Ryan Burgdorf ("Burgdorf") (collectively "Plaintiffs") were incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan ("STF"). (Doc. #12-1 at ¶¶1-2). The sole defendant is Dr. Joseph Burtch ("Burtch"), who, as a physician for a private medical contractor, treated Plaintiffs during their incarceration at STF. (*Id.* at ¶¶3, 6, 25). Plaintiffs allege that Burtch sexually assaulted them, in violation of their Eighth Amendment right to be free from cruel and unusual punishment. On July 1, 2015, this case was referred to the undersigned for all pretrial purposes. (Doc. #6).

    **B.    Procedural Posture**

On July 7, 2015, Burtch filed a motion to dismiss Plaintiffs' complaint. (Doc. #9). Plaintiffs filed a response on July 29, 2015 (Doc. #11), as well as a separate motion for leave to amend their complaint (and a proposed amended complaint) (Docs. #12, 12-1). On August 3,

2015, Burtch filed a reply brief in support of his motion to dismiss. (Doc. #13). And, on August 18, 2015, Plaintiffs filed supplemental authority – a Second Circuit case, *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015) – that had been decided just days earlier. (Doc. #14).

On October 26, 2015, this Court issued a Report and Recommendation ("R&R") to deny Burtch's motion to dismiss without prejudice. (Doc. #15). In doing so, the Court noted that Burtch's reply brief did not address the allegations in Plaintiffs' amended complaint, nor discuss the significance of the Second Circuit's decision in *Crawford*. (*Id.* at 6). For these reasons, the Court deemed it "inappropriate to grant Burtch the relief he seeks without the parties fully briefing these matters." (*Id.*).[1] Then, on November 12, 2015, Burtch filed the instant motion to dismiss Plaintiffs' amended complaint. (Doc. #18). Plaintiffs filed a response on November 29, 2015 (Doc. #20), and Burtch filed a reply brief (Doc. #21).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

    **C.**    **The Allegations in Plaintiffs' Amended Complaint**

In their amended complaint, Plaintiffs allege that Dr. Burtch sexually assaulted them while providing medical care, in violation of the Eighth Amendment. More specifically, Emery alleges that during a February 5, 2014 examination of his ear, Burtch "leaned into Emery's knees so that [Burtch's] penis was on Emery's kneecaps, and applied pressure so that Emery could feel his penis against his leg." (Doc. #12-1 at ¶¶6-8). Emery also alleges that Burtch "then backed away and grabbed another instrument to inspect Emery's nasal cavities. Once again, [Burtch] leaned his penis onto Emery's knees and moved his hips around from left to right." (*Id.* at 9).

---

[1] On November 24, 2015, the District Court issued an Order Accepting and Adopting the R&R. (Doc. #19).

Emery further alleges that, during this incident, he "looked down at his knee area and could see [Burtch] moving his hips back and forth and could see the outline of an erect penis," and that he "could feel [Burtch's] erected penis pressed against his leg." (*Id.* at ¶¶10-11). According to Emery, he was trapped against the examination table and could not move away from Burtch; fearful that he would be punished if he attempted to "escape the situation," Emery neither said nor did anything at that time. (*Id.* at ¶12). Emery further alleges that, as a result of Burtch's conduct, he has problems with concentration, sleep impairment, appetite impairment, auditory hallucinations, and increased anxiety. (*Id.* at ¶22).

Similarly, Burgdorf alleges that, at a medical appointment with Burtch on February 1, 2014, Burtch:

> … placed his penis on Burgdorf's left leg and rubbed it around. Burgdorf felt [Burtch] become aroused during that rubbing. During this appointment, [Burtch] also placed his penis on Burgdorf's right leg and rubbed it around. Again, Burgdorf felt [Burtch] become aroused. [Burtch] rubbed his finger on Burgdorf's lips in a sexually suggestive manner.

(*Id.* at ¶¶26-28). Burgdorf also alleges that Burtch "similarly sexually assaulted [him] on three other medical visits in the same manner." (*Id.* at ¶29). Burgdorf asserts that, as a result of Burtch's conduct, he suffered numerous physical and psychological injuries (including weight loss, headaches, dizziness, and recurring memories of being sexually assaulted as a child). (*Id.* at ¶¶31-32).

### D. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "'is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements." *Hogan v. Visio Fin. Servs., Inc.*, 2015 WL 3916084, at *3 (E.D. Mich. June 25, 2015) (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 555. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**E.     Analysis**

The Eighth Amendment protects inmates from cruel and unusual punishment by prison officials. To state an Eighth Amendment claim, a prisoner must allege two elements, one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the prisoner must allege that the conduct was objectively "harmful enough" or sufficiently serious to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As the Sixth Circuit has recognized, "This is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson*,

4

503 U.S. at 8-9). In addition, the prisoner must allege that the defendant acted with a subjectively "sufficiently culpable state of mind." *Id.*

                1.       *The Objective Prong of Plaintiffs' Eighth Amendment Claims*

In his motion to dismiss, Burtch first argues that Plaintiffs' Eighth Amendment claims fail the objective prong of the Eighth Amendment inquiry. (Doc. #18 at 12-19). Relying on *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005), Burtch asserts that the alleged contact was not objectively serious because it was "isolated (*i.e.* no more than two specific occurrences), brief (*i.e.* lasting only seconds), and not severe (*i.e.* no physical injuries resulted)." (Doc. #18 at 12). In *Jackson*, a male prisoner alleged that a prison employee violated the Eighth Amendment by rubbing and grabbing the plaintiff's buttocks "in a degrading and humiliating manner during a 'shakedown' in the prison food area." *Jackson*, 158 F. App'x at 661. In finding that Jackson had failed to state a claim for relief under the Eighth Amendment, the Sixth Circuit cited extensively to the Second Circuit's analysis in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997):

> The Second Circuit, among other circuits, has held that "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." The Second Circuit stated that "there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." In *Boddie*, the plaintiff, a male prisoner, alleged that a female prison guard squeezed his hand, touched his penis, and made sexually suggestive comments, and on a separate occasion told him to take off his sweatshirt and twice pinned him to a door with her body. The Second Circuit concluded that "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.' Nor were the incidents cumulatively egregious in the harm they inflicted." The alleged incidents, the court held, did "not involve a harm of federal constitutional proportions."

*Jackson*, 158 F. App'x at 662 (internal citations omitted). Thus, the *Jackson* court found that, under the circumstances – where the alleged conduct was isolated (happened only once), brief (lasting for less than one minute), and "not severe" (resulted in no bodily

5

injury) – it was not sufficiently serious to satisfy the objective prong of the Eighth Amendment test. *Id.*

The Court disagrees with Burtch, however, that *Jackson* requires dismissal of Plaintiffs' claims. As set forth above, the *Jackson* court relied heavily on *Boddie* in concluding that the alleged conduct was not sufficiently serious. *See Jackson*, 158 F. App'x at 662. On August 11, 2015, however, the Second Circuit, in *Crawford*, cast a very different light on *Boddie*, saying:

> … in the nearly two decades since *Boddie* was decided, societal standards of decency regarding sexual abuse and its harmful consequences have evolved. Without suggesting that *Boddie* was wrongly decided in 1997, we conclude that the result in that case would likely be different applying the same rule today.
>
> In *Boddie*, we left no doubt that sexual abuse by a corrections officer can give rise to an Eighth Amendment claim. With respect to the Eighth Amendment's objective component, *Boddie* made clear that "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." We held, however, that *Boddie* failed to state an Eighth Amendment claim after a female corrections officer made a pass at an him, squeezed his hand, touched his penis, called him a "sexy black devil," and bumped into him "with her whole body vagina against penis." We concluded that no single incident was sufficiently serious and that the series of incidents were not "cumulatively egregious" enough to reach constitutional dimensions.
>
> Applying *Boddie* and other district court cases interpreting *Boddie*, the district court concluded that the isolated instances during which [a guard] fondled [the plaintiff inmates'] genitalia did not rise to the level of a constitutional violation. The district court reasoned that, under *Boddie*, sexual abuse only states a cognizable Eighth Amendment claim if it occurs on more than one occasion, is "excessive in duration," involves direct contact with an inmate's genitalia (rather than contact through an inmate's clothing, as was the case here), or causes "physical injury, penetration, or pain."
>
> *Boddie* does not support that narrow interpretation. *Boddie* held that sexual abuse by a corrections officer may constitute cruel and unusual punishment if it is "severe or repetitive." Thus, a single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth

> Amendment rights no less than repetitive abusive conduct. Recurrences of abuse, while not a prerequisite for liability, bear on the question of severity: Less severe but repetitive conduct may still be "cumulatively egregious" enough to violate the Constitution.
>
> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment. **Similarly, if the situation is reversed and the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident** because there can be no penological justification for such contact.

*Crawford*, 796 F.3d at 256-57 (emphasis added).

As Burtch points out, *Crawford* is not binding on this Court; it is, however, quite relevant to the Court's consideration of the instant motion. In interpreting *Boddie* and broadening the scope of sexual abuse that may rise to the level of a Constitutional violation, the *Crawford* court noted that "sexual abuse of prisoners, once passively accepted by society, deeply offends today's standards of decency. The proper application of the rule in *Boddie* must reflect these standards." *Crawford*, 796 F.3d at 254. This Court sees no reason why this same conclusion would not apply here. Given that the *Jackson* court explicitly noted that the objective element of an Eight Amendment claim is contextual and responsive to contemporary standards of decency, and that the Sixth Circuit previously relied heavily on Second Circuit precedent on this issue, *Crawford* is quite instructive in the instant case.

Burtch attempts to distinguish *Crawford* by asserting that, unlike in that case, here he is "accused of contacting Plaintiffs' knees, not genitalia or other intimate area, on separate occasions without making any type of threat or sexually suggestive comments." (Doc. #18 at 23). This argument misses the mark. The *Crawford* court did not hold that a Constitutional

7

violation occurs only when inappropriate contact is made with an *inmate's* "genitalia" or "their intimate areas," as Burtch suggests. (*Id.* at 23, 24). To the contrary, that court specifically stated that when a prison official "intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify *the officer's* sexual desire or humiliate the inmate, a violation is self-evident because there can be no penological justification for such contact." *Crawford*, 796 F.3d at 257 (emphasis added). Here, where Plaintiffs allege that Burtch brought his penis into contact with their knees, moved his hips from left to right, and became sexually aroused, the conduct at issue falls squarely within the confines of *Crawford*.[2]

The number of alleged incidents of wrongdoing is also a consideration that weighs in Plaintiffs' favor (or at least plaintiff Burgdorf's favor) on the objective prong analysis. Throughout his motion, Burtch seeks to minimize Plaintiffs' allegations by asserting that they claim there were "no more than two specific occurrences" and "only two specific separate single occasions" of inappropriate touching. (Doc. #18 at 2, 12, 14). In reality, however, Plaintiffs allege that Burtch's conduct occurred on five separate occasions – once to Emery, and four separate times to Burgdorf. (Doc. #12-1 at ¶¶8-11, 26-29).[3] And, as the *Crawford* court explained, "[r]ecurrences of abuse, while not a prerequisite for liability, bear on the question of severity: Less severe but repetitive conduct may still be 'cumulatively egregious' enough to violate the Constitution."

---

[2] Burtch also cites *Censke v. Ekdahl*, 2009 WL 193320 (W.D. Mich. May 18, 2009), and *Johnson v. Ward*, 215 F.3d 1326 (6th Cir. 2000), in support of his argument that the type of "minor, isolated incidents of sexual touching" at issue here do not rise to the level of an Eighth Amendment violation. (Doc. #18 at 18-19). Those cases, however – both of which preceded *Crawford* – involved situations in which the alleged sexual touching was incidental to the use of force for disciplinary purposes and, thus, are distinguishable from the instant case in which the alleged sexual touching took place during medical examinations.

[3] The fact that Plaintiffs provided specific dates for only two of those alleged instances is immaterial at this stage of the litigation.

Finally, Burtch argues that the conduct at issue was not sufficiently serious simply because Plaintiffs "neither protested to, nor made affirmative movements away from [Burtch's] alleged unwelcomed contact." (Doc. #18 at 15). However, Burtch cites no case law in support of the proposition that conduct fails the objective prong of the Eighth Amendment inquiry if it is not immediately protested, and such a proposition is untenable. Here, Emery alleges that he "took the abuse silently" because he was trapped against the examination table and believed he would be punished for any attempt to "escape the situation." (Doc. #12-1 at ¶12). Similarly, Burgdorf alleges that he did not complain about Burtch's behavior because he feared doing so would interfere with his ongoing treatment for severe headaches and/or his chances of obtaining parole. (*Id.* at ¶¶34-35). Taking these allegations as true, which the Court must at the motion to dismiss stage, *see Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012), Plaintiffs alleged sufficiently serious conduct to overcome the inference Burtch would like the Court to draw.

For all of these reasons, the Court finds that Plaintiffs have pled conduct that was objectively "sufficiently serious" to state a claim under the Eighth Amendment.[4]

---

[4] In his motion, Burtch also argues that Plaintiffs have not satisfied the objective prong because they allege "no true physical or bodily injuries occurring as a direct result of the alleged contact," i.e., "no bruises, deformities, fractures, lacerations, burns, scars, or disfigurement associated with severe physical injuries." (Doc. #18 at 14). The Sixth Circuit has recognized, however, that, "The seriousness of the injuries are not dispositive; as the Supreme Court has held, '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated … whether or not significant injury is evident.'" *Williams*, 631 F.3d at 383 (quoting *Hudson*, 503 U.S. at 9). Here, then, where Plaintiffs have alleged that they suffered weight loss, headaches, dizziness, shortness of breath, numbness, and vertigo, along with psychological injuries (Doc. #12-1 at ¶¶22, 30, 31), such is sufficient to state a claim.

Similarly, the Court is not persuaded by Burtch's argument – first advanced in his reply brief – that 42 U.S.C. §1997e(e) bars recovery under the circumstances because Plaintiffs have not alleged an actual physical injury. (Doc. #21 at 2-3). As an initial matter, some courts have held that "a claim seeking damages for a violation of the Eighth Amendment alleging sexual abuse is not prohibited by Section 1997e(e)." *See, e.g., Lester v. Rosato*, 2015 WL 5032392, at *6 (M.D. Pa. Aug. 25, 2015). And, perhaps more importantly, "District Courts in the Eastern District of Michigan have generally taken the view that §1997e(e) only limits recovery absent physical

9

*2.     The Subjective Prong of Plaintiffs' Eighth Amendment Claims*

Burtch also argues that Plaintiff's claims fail because they have not alleged that he acted with a sufficiently culpable state of mind. (Doc. #18 at 19-21). This subjective component of an Eighth Amendment claim focuses on the state of mind of the prison officials. *See Williams*, 631 F.3d at 383. As the Sixth Circuit has recognized, "The relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Hudson*, 503 U.S. at 6). Put another way, "the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford*, 796 at 257-58 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

In his reply brief, Burtch acknowledges that, in order to establish the subjective element, Plaintiffs must only allege that he "was trying to humiliate them or was trying to achieve sexual gratification in some way." (Doc. #21 at 4 (citing *Crawford*, 796 F.3d at 254)). Burtch then argues that "this has not happened." (*Id.*). Specifically, Burtch points out that Plaintiffs have not alleged that he "made any verbal statement(s) of intent to act/harm at the time of his alleged sexual conduct toward Plaintiffs," nor did he give any "verbal indication that [he] was attempting to gain satisfaction from such contact or that he was attempting to harass or intimidate the inmates through his alleged conduct." (*Id.*).

Burtch's arguments are not persuasive. Burtch has not cited any case law for the proposition that a "verbal statement" of intent to harm is required, and the Court is not aware of any. Indeed, as Plaintiffs assert, such a requirement would essentially give prison officials carte

---

injury and does not bar the entire claim." *White v. Trayser*, 2011 WL 1135635, at *8 (E.D. Mich. Jan. 4, 2011) (citing cases). Thus, dismissal is inappropriate on this basis.

10

blanche to violate the Eighth Amendment with impunity so long as they do not verbalize an intent to harm or humiliate the inmate through their conduct.

In this case, although Plaintiffs do not claim that Burtch made any sexually inappropriate comments, they do allege that (1) Burtch placed his finger on Burgdorf's lips in a "sexually suggestive manner" (Doc. #12-1 at ¶28); that (2) Burtch "became aroused" while touching Plaintiffs' knees with his penis (*Id.* at ¶¶10, 11, 27); and (3) that they could see and/or feel Burtch's erect penis during the alleged contact (*Id.*). Burtch claims that these allegations are nothing more than Plaintiffs' "subjective interpretation" of his conduct and argues that Plaintiffs have not "substantiat[ed]" their allegations (with witness statements or otherwise). (Doc. #18 at 20-21). He further asserts that there was no subjective intent to harm because the alleged contact "between [his] crotch (*i.e.* clothed penis)" and Plaintiffs "was incidental to the legitimate purpose of Plaintiffs undergoing required medical examinations." (*Id.* at 19). Again, the Court finds Burtch's arguments unpersuasive.

Taking Plaintiffs' allegations as true, they have adequately alleged that Burtch acted for the purpose of arousing or gratifying his sexual desire. *See Crawford*, 796 F.3d at 257. Specifically, Plaintiffs allege that, on multiple occasions,[5] Burtch became sexually aroused when pressing his genitals into their knees and that he otherwise behaved in a "sexually suggestive manner." (Doc. #12-1 at ¶¶10-11, 27-28). Burtch merely challenges the factual accuracy of Plaintiffs' allegations, claiming that he did not, in fact, become sexually aroused, that Plaintiffs have no witnesses supporting their assertions, and that any contact was incidental to Plaintiff's legitimate medical examinations. (Doc. #18 at 20-21). These arguments, however, raise

---

[5] As noted above, *supra* at 8, Plaintiffs allege that Burtch's conduct occurred on five separate occasions. Just as "[r]ecurrences of abuse…bear on the question of severity," *Crawford*, 796 F.3d at 257, so too do they bear on whether the defendant acted with a sufficiently culpable state of mind, *i.e.*, the subjective prong of the Eighth Amendment analysis.

11

questions of fact and the parties' credibility, which issues are not properly resolved at the motion to dismiss stage. *See, e.g., Bowens v. Aftermath Entm't*, 254 F. Supp. 2d 629, 640 (E.D. Mich. 2003); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) ("[i]t is not the function of the court to weigh evidence or evaluate the credibility of witnesses" at the motion to dismiss stage). In other words, while the trier of fact might ultimately determine that Burtch's alleged actions were innocent, inadvertent, or never occurred at all, such questions are not properly before this Court at this stage of the proceedings. For all of these reasons, Burtch's motion to dismiss should be denied.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (**Doc. #18**) be **DENIED**.

Dated: January 15, 2016  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2016.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager