UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Neil Emery and
Ryan Burgdorf,

    Plaintiffs,

v.                                           Case No. 15-11113

Joseph R. Burtch,                    Honorable Sean F. Cox
                                                       Magistrate Judge David R. Grand

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a prisoner civil rights case. Plaintiffs Neil Emery ("Emery") and Ryan Burgdorf ("Burgdorf") (collectively "Plaintiffs") allege that Defendant Dr. Joseph Burtch ("Burtch") sexually assaulted them, in violation of their Eighth Amendment right to be free from cruel and unusual punishment. At all relevant times, Plaintiffs were incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan ("STF"). (Doc. #12 at ¶¶ 1-2). Burtch, the sole defendant in this case, is a physician for a private medical contractor and treated Plaintiffs during their incarceration at STF. *Id.* at ¶¶ 3, 6, 25.

On July 1, 2015, this Court referred all pretrial matters to Magistrate Judge David R. Grand pursuant to 28 U.S.C. 636(b)(1)(A) and (b)(1)(B). (Doc. #6). On July 7, 2015, Burtch filed a motion to dismiss Plaintiff's complaint. (Doc. #9). On July 29, 2015, Plaintiffs filed a response to the motion (Doc. #11) and a separate motion for leave to amend their complaint, including a proposed amended complaint. (Doc. #12, 12-1). On August 18, 2015, after the

1

motion to dismiss had been fully briefed, Plaintiffs filed supplemental authority with the Court–*Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015)–which was decided on August 11, 2015. (Doc. #14). Because Burtch's reply brief failed to address the allegations in the amended complaint or the significance of the *Crawford* decision, Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending dismissal of Burtch's motion without prejudice. (Doc. #15). This Court filed an Order Accepting and Adopting the R&R on November 24, 2015. (Doc. #19).

On November 12, 2015, Burtch filed a motion to dismiss Plaintiff's amended complaint. (Doc. #18, Def.'s Br.). Plaintiff's filed a response to the motion on November 29, 2015. (Doc. #20). Burtch filed a reply on December 4, 2015. (Doc. #21). Magistrate Judge Grand determined that a hearing was not necessary. *See* E.D. Mich. L.R. 7.1(f).

On January 15, 2016, Magistrate Judge Grand issued a Report and Recommendation, wherein he recommended that this Court DENY Burtch's motion to dismiss. (Doc. #22, R&R). Burtch timely objected to the R&R on January 27, 2016. (Doc. #23, Def.'s Objs.). Plaintiffs responded to Burtch's motion on February 12, 2016. (Doc. #25, Pl.s' Resp.). Burtch filed a reply on February 18, 2016. (Doc. #26, Def.'s Reply).

The Court finds Burtch's objections to be without merit. Therefore, the Court shall **ADOPT the R&R and DENY Burtch's Motion to Dismiss**.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. FED. R. CIV. P. 72(b)(2). Objections must

"(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. MICH. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

## ANALYSIS

In his motion to dismiss, Burtch argued that Plaintiffs' allegations failed to satisfy the objective and subjective prongs of the Eighth Amendment test. According to Burtch, the alleged contact with Plaintiffs was not objectively harmful and did not display a sufficiently culpable state of mind. In arguing that the objective prong was not met, Burtch relied primarily on the Sixth Circuit's decision in *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005). Specifically, Burtch argued that the alleged conduct at issue was not sufficiently serious because it was isolated, brief, and not severe.[1] Burtch went on to conclude that even after the Second Circuit's

---

[1] In *Jackson*, the court found that under circumstances where the alleged conduct was isolated (happened only once), brief (lasting less than one minute), and "not severe" (resulted in no bodily injury), the objective prong of the Eighth Amendment test was not satisfied because the conduct was not sufficiently serious. *Jackson*, 158 F. App'x at 662.

decision in *Crawford,* the conduct at issue still did not give rise to a constitutional violation. (Def.'s Br. at 3, 7, 12).

Magistrate Judge Grand disagreed with Burtch on each point. The R&R first provides that an Eighth Amendment claim involves two elements: (1) the prisoner must allege that the conduct was objectively "harmful enough" or sufficiently serious to establish a constitutional violation; and (2) the prisoner must allege that the defendant acted with subjectively "sufficiently culpable state of mind." (R&R at 4-5) (internal citations omitted). The R&R concludes that both the objective and subjective prongs have been met here.

As to the objective prong–Magistrate Judge Grand noted that the Sixth Circuit's opinion in *Jackson* does not require dismissal of Plaintiff's claims. *Id*. at 6-7. In so doing, the R&R points out that the Sixth Circuit in *Jackson* relied extensively on the Second Circuit's decision in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). The R&R also notes that the Second Circuit has since clarified that *Boddie* stands for the proposition that a "single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Crawford*, 796 F.3d at 257. As to the subjective prong–the R&R concludes that Plaintiffs' allegations, taken as true, adequately allege that Burtch acted for the purpose of arousing or gratifying his sexual desire. *Id.* at 11.

Burtch has lodged two objections to the January 15, 2016 R&R. The Court finds that Burtch has not asserted any proper objections to the R&R. As explained below, Burtch's objections advance the same arguments that Magistrate Judge Grand has already rejected without pointing to a specific deficiency in the R&R's reasoning. Additionally, the Court agrees with the Magistrate Judge's analysis as to the issues challenged.

I.   **Objection 1**

Burtch's first objection largely serves as a recitation of arguments advanced before, and properly rejected by, the Magistrate Judge. Here, Burtch challenges the R&R's conclusion that Plaintiffs' allegations satisfy the objective prong of the Eighth Amendment test. First, Burtch takes issue with the Magistrate Judge's reliance on *Crawford* and proceeds to distinguish the facts in *Crawford* from the facts presently before the Court. (Def.'s Objs. at 2-4). Burtch then summarily asks that the Court reject the R&R "because the decision is contrary to, contradicts, and ignores applicable case precedent." *Id.* at 5.

As to the insinuation that the Magistrate Judge improperly considered *Crawford* when determining whether the objective prong had been satisfied, the R&R correctly notes:

> As Burtch points out, *Crawford* is not binding on this Court; it is, however, quite relevant to the Court's consideration of the instant motion. In interpreting *Boddie* and broadening the scope of sexual abuse that may rise to the level of a Constitutional violation, the Crawford court noted that "sexual abuse of prisoners, once passively accepted by society, deeply offends today's standards of decency. The proper application of the rule in *Boddie* must reflect these standards." *Crawford*, 796 F.3d at 254. This Court sees no reason why this same conclusion would not apply here. Given that the *Jackson* court explicitly noted that the objective element of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, and that the Sixth Circuit previously relied heavily on Second Circuit precedent on this issue, *Crawford* is quite instructive in the instant case.

(R&R at 7). Aside from pointing out that *Crawford* is not binding, Burtch has not identified any deficiency in the Magistrate's reasoning as to this point.

Moreover, to the extent that Burtch is arguing that the conduct in *Crawford* is distinguishable from the conduct at issue here, (Def.'s Objs. at 3-4; *see also* Def.'s Br. at 14), Magistrate Judge Grand has already pointed out that "[t]his argument misses the mark." *Id*. at 7. The R&R specifically states that:

5

> The *Crawford* court did not hold that a Constitutional violation occurs only when inappropriate contact is made with an inmate's 'genitalia' or 'their intimate areas,' as Burtch suggests. To the contrary, the court specifically stated that when a prison official "intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify *the officer's* sexual desire or humiliate the inmate, a violation is self-evident because there can be no penological justification for such contact." **Here, where Plaintiffs allege that Burtch brought his penis into contact with their knees, moved his hips from left to right, and became sexually aroused, the conduct at issue falls squarely within the confines of Crawford**.

(R&R at 7-8) (emphasis added) (internal citations omitted).

Burtch further argues that each case cited by him includes attempts by the plaintiffs to "escape the situation" or "threatening remarks" by the defendants. This, too, has already been rejected by Magistrate Judge Grand:

> Finally, Burtch argues that the conduct at issue was not sufficiently serious simply because Plaintiffs "neither protested to, nor made affirmative movements away from [Burtch's] alleged unwelcomed contact." However, Burtch cites no case law in support of the proposition that conduct fails the objective prong of the Eighth Amendment inquiry if it is not immediately protested, and such a proposition is untenable.
>
> . . . .
>
> Burtch has not cited any case law for the proposition that a "verbal statement" of intent of harm is required, and the Court is not aware of any.

(R&R at 9-10). Rather than point to any deficiency in the Magistrate Judge's reasoning, Burtch unpersuasively states, that while "[t]hreatening remarks, sexually suggestive comments, or attempts to object may not be the rule ... they have certainly been the custom." (Def.'s Objs. at 5). Burtch has not presented any argument that persuades this Court to reject Magistrate Judge Grand's conclusions. Accordingly, Burtch's first objection is overruled.

**II.     Objection 2**

Burtch's second objection also serves as a recitation of the arguments advanced before,

and properly rejected by, the Magistrate Judge. Here, just as in his motion, Burtch takes issue with the conclusion that Plaintiffs' allegations satisfy the subjective prong of the Eighth Amendment test. (Def.'s Objs. at 5).

Burtch asserts that allowing "Plaintiffs to make bold accusations without any corroborating pleadings, such as accusing the aggressor of making verbal statements showing a subjective intent to humiliate or gain sexual gratification, gives *prisoners* carte blanche to besmirch the reputations of healthcare professionals and prison workers with impunity." *Id.* at 6 (emphasis in original). Burtch argues that the allegations here are an indication of Plaintiffs' own subjective interpretation of what occurred rather than Burtch's subjective intent.[2] *Id.* Burtch contends that Plaintiffs have not alleged how becoming aroused or being erect demonstrates the subjective intent to gain sexual gratification. *Id.* at 7-8. Burtch further notes that doctors must necessarily make physical contact with their patients in order to perform their jobs, and concludes that "if the alleged series of events even occurred at all, [Burtch's] alleged conduct was innocent or inadvertent." *Id.* at 6, 8.

Magistrate Judge Grand properly found Burtch's arguments unpersuasive. Again, Magistrate Judge Grand correctly pointed out that Burtch failed to cite a single case, which stands for the proposition that a "verbal statement" of intent is required to satisfy the subjective prong. (R&R at 10). Next, the Magistrate Judge correctly noted that:

> Burtch merely challenges the factual accuracy of Plaintiffs' allegations, claiming that he did not, in fact, become sexually aroused, that Plaintiffs have no witnesses supporting their assertions, and that any contact was incidental to Plaintiff's

---

[2] For example, Burtch contends that the allegations that Defendant "became aroused" and that Emery "could see the outline of an erect penis," merely demonstrate Plaintiffs' subjective interpretation of what occurred. *Id.* at 7.

7

legitimate medical examinations. **These arguments, however, raise questions of fact and the parties' credibility**, which issues are not properly resolved at the motion to dismiss stage.

*Id.* at 11-12 (emphasis added). Burtch has not pointed to any deficiency in the Magistrate Judge's reasoning. Instead, Burtch reasserts the reasons why he believes Plaintiffs have not sufficiently alleged subjective intent. For the reasons properly stated in the R&R, Burtch's second objection is overruled.

## ORDER

For the reasons set forth above, **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the January 15, 2016 R&R. The Court shall **DENY** Defendant's Motion to Dismiss. (Doc. #18).

**IT IS SO ORDERED.**

                                                    S/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: June 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2016, by electronic and/or ordinary mail.

                                                    S/Jennifer McCoy
                                                    Case Manager