# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NEIL EMERY and RYAN BURGDORF,

     Plaintiffs,

v.

JOSEPH BURTCH, D.O.,

     Defendant.

Case No. 2:15-cv-11113
Hon. Sean F. Cox
Mag. David R. Grand

---

MICHIGAN STATE UNIVERSITY
Daniel E. Manville (39731)
Attorney for Plaintiffs
Neil Emery and Ryan Burgdorf
610 Abbot Road
East Lansing, MI 48823
(517) 913-9690
daniel.manville@law.msu.edu

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Kevin A. McQuillan (P79083)
Attorneys for Defendant
Joseph Burtch, D.O.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

---

## DEFENDANT JOSEPH BURTCH D.O.'S MOTION TO PRECLUDE PLAINTIFFS FROM OFFERING OR ELICITING TESTIMONY FROM RICHARD B. STAPLETON, J.D.

NOW COMES Defendant, JOSEPH BURTCH, D.O., by and through his attorneys, CHAPMAN LAW GROUP, and for his Motion to Preclude Plaintiffs from offering or eliciting testimony from Richard B. Stapleton, J.D., states as follows:

1.     Plaintiffs Ryan Burgdorf and Neil Emery are suing Defendant Joseph Burtch, D.O. pursuant to 42 U.S.C. § 1983 for allegedly engaging in inappropriate sexual contact with them, during medical examinations at the Central Michigan Correctional Facility (STF) on separate occasions. (**Dkt. No. 24**).

2.     Under Fed. R. Civ. P. 26(a)(2)(A)-(C), a party must disclose, in writing, the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 203, or 705.

3.     If the expert witness is "retained or specially employed  to provide expert testimony in the case," the party offering that expert's testimony must include with their expert disclosures "a written report—prepared and signed by the witness," containing "a complete statement of all opinions," "the facts or data considered," "any exhibits" used to "summarize or support" the expert's opinions, "the witness's qualifications," " a list of all other cases" in the last 4 years that the expert gave testimony in, and " a statement of the compensation to be paid." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

4.      "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: . . . (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule

26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D).

5.       This Court's Scheduling Order required Plaintiffs to disclose their expert witnesses and provide reports from their retained experts by November 16, 2016, and for Defendant to do the same by December 16, 2016. (**Dkt. No. 29, Pg. ID 341**).

6.       On November 4, 2016, Plaintiffs filed an Amended Witness List "disclosing" the identities of Leon Pedell, M.D. and Barry Mintzes, M.D. but did not indicate that either would offer testimony pursuant to Fed. R. Evid. 702, 703, or 705. (**Dkt. No. 39**). Plaintiff served an electronically signed version of Dr. Pedell's expert report on November 15, 2016. (**Dkt. No. 40, Pg ID 449**). On or about November 30, 2016, Plaintiffs served copies of expert reports for Dr. Pedell and Dr. Mintzes. (**Dkt. No. 42**).

7.       Defendant timely disclosed his three (3) experts and served those experts' reports on Plaintiffs on December 16, 2016. (**Dkt. No. 45**).

8.       This Court entered an Order on December 23, 2016 allowing Plaintiff additional time to disclose and serve expert rebuttal reports (*i.e.*, "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis

added)) until "on or before **Tuesday, January 10, 2017**." (**Dkt. No. 47**). (Emphasis in original).

9.     On January 10, 2016, Plaintiffs' counsel served on Defendant's counsel a rebuttal report from Plaintiffs' disclosed expert, Dr. Mintzes.

10.     In addition to Dr. Mintzes' rebuttal report, Plaintiffs' counsel also served on Defendants' counsel, on January 10, 2016, the expert report of Richard B. Stapleton, J.D., the Legal Affairs Administrator for the Michigan Department of Corrections (MDOC) until his retirement in 2011, who was "responsible for the development of all policy directives and the coordination of all policy decisions with the Department's Executive Policy Team and the Department of Attorney General." (**Exhibit A, p. 2**).

11.     There can be no serious dispute that Mr. Stapleton is not qualified to offer expert medical opinion testimony in accordance with Fed. R. Evid. 702 because he is not a medical doctor.

12.     Mr. Stapleton's expert legal opinions do not address the same subject matter as Defendant's experts' medical opinions because Mr. Stapleton has no expertise in the practice of medicine.

13.     Under Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless." Additionally, this Court may impose sanctions including attorney's fees and "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

14.    Arguably, this Court should preclude Plaintiffs from offering the testimony of Dr. Mintzes into evidence. Fed. R. Civ. P. 37(c)(1). However, Defendant is willing to concede that this failure by Plaintiffs was conceivably harmless.

15.    On the other hand, this Court must preclude Plaintiffs from offering Mr. Stapleton's expert report in rebuttal to Defendant's experts' medical opinions because there is no substantial justification for offering a legal opinion to rebut a medical opinion.

16.    Moreover, allowing a lawyer to offer opinion testimony in this case, which involves purely medical questions is harmful to Defendant because a lawyer's conclusions of law in the form of expert legal opinions will supplant the role of the jury. *See Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("testimony offering nothing more than a legal conclusion—*i.e.*, testimony that does little more than tell the jury what result to reach—is properly excludable" under Rule 702).

17.    As a result of Plaintiffs' failure to timely disclose Mr. Stapleton as a legal expert (*i.e.*, on or before November 16, 2016 in accordance with this Court's

Scheduling Order (**Dkt. No. 29**)) and instead disguise him as a rebuttal expert, Plaintiffs are prohibited from calling Mr. Stapleton as an expert witness to support their claims. *See* Fed. R. Civ. P. 37(c)(1); *Sexton v. Uniroyal*, 62 F. App'x 615, 616, n. 2 (6th Cir. 2003); *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003); *see also, Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C*., 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was [substantially] justified or harmless.").

18.    Additionally, *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589 (1993) and Fed. R. Evid. 702 require that this Court, "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."

19.    Mr. Stapleton's expert report does not cite any scientific evidence, peer reviewed literature, or data to support his opinions.

20.    The only cited evidence in Mr. Stapleton's report are MDOC policies, which are public records that speak for themselves.

21.    There can be no serious dispute that there are no legal issues at stake in this case that require expert legal opinion to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

22.    If this Court permits Plaintiffs to elicit expert testimony from Mr. Stapleton at trial, or in support of a motion, despite Plaintiffs' failure to serve a timely initial expert disclosure for Mr. Stapleton, Defendant requests that this Court schedule a *Daubert* hearing to determine whether Richard B. Stapleton, J.D.'s testimony is based upon objective, reliable scientific data.

23.    Before filing this Motion, counsel for Corizon Health, Inc. sought concurrence with the relief requested herein from Plaintiffs' counsel in accordance with E.D. Mich. L.R. 7.1, but concurrence could not be obtained.

WHEREFORE Defendant, JOSEPH BURTCH, D.O., respectfully requests that this Honorable Court grant this Motion, enter an Order to preclude Plaintiffs from offering or eliciting testimony from Richard B. Stapleton, J.D. and striking his expert report, and grant all other relief that is just and equitable.

<div style="margin-left:40%">

Respectfully Submitted,
CHAPMAN LAW GROUP

</div>

Dated: January 25, 2017

<div style="margin-left:40%">

/s/Kevin A. McQuillan
Ronald W. Chapman, Sr., M.P.A., LL.M.
(P37603)
Kevin A. McQuillan (P79083)
Attorneys for Defendant
Joseph Burtch, D.O.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

</div>

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NEIL EMERY and RYAN BURGDORF,

      Plaintiffs,                       Case No. 2:15-cv-11113
                                          Hon. Sean F. Cox

v.                                         Mag. David R. Grand

JOSEPH BURTCH, D.O.,

      Defendant.

---

MICHIGAN STATE UNIVERSITY
Daniel E. Manville (39731)
Attorney for Plaintiffs
Neil Emery and Ryan Burgdorf
610 Abbot Road
East Lansing, MI 48823
(517) 913-9690
daniel.manville@law.msu.edu

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Kevin A. McQuillan (P79083)
Attorneys for Defendant
Joseph Burtch, D.O.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

---

## BRIEF IN SUPPORT OF DEFENDANT JOSEPH BURTCH, D.O.'S MOTION TO PRECLUDE PLAINTIFFS FROM OFFERING OR ELICITING TESTIMONY FROM RICHARD B. STAPLETON, J.D.

## PROOF OF SERVICE

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES ...................................................................... iii

INDEX OF EXHIBITS ............................................................................. v

STATEMENT OF ISSUES PRESENTED ............................................... vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ...... vii

INTRODUCTION AND STATEMENT OF FACTS ............................... 1

LEGAL ARGUMENT ........................................................................... 2

CONCLUSION AND RELIEF SOUGHT ............................................. 13

# INDEX OF AUTHORITIES

**Cases**                                                                        **Pages**

*Alvarado v. Oakland Cty*., 809 F. Supp. 2d 680 (E.D. Mich. 2011)........................6

*Bentley v. Highlands Hosp. Corp*., No. 15-97-ART-EBA, 2016 U.S. Dist. LEXIS
139414 (E.D. Ky. Oct. 6, 2016)................................................................................8

*Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994).........................................4, 6

*Daubert v Dow*, 509 U.S. 579 (1993)...........................................................10, 11, 13

*Diviero v. Uniroyal Goodrich Tire Co.,* 919 F.Supp. 1353 (D. Ariz. 1996).............5

*Ellipsis, Inc. v. Color Works, Inc*., 428 F. Supp. 2d 752 (W.D. Tenn. 2006)...........5

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517 (6th Cir. 2008) ...........................10

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)..............................................10

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010)......................................................12

*New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*,
336 F.3d 495 (6th Cir. 2003) .................................................................................. 12

*Passa v. City of Columbus*, 123 F. App'x 694 (6th Cir. 2005)............................... 12

*Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671 (6th Cir. 2011).................................3, 9

*Pride v. BIC Corp.*, 218 F.3d 566 (6th Cir. 2000)..............................................3, 7, 9

*Roberts ex rel. Johnson v. Galen of Va., Inc.*,
325 F.3d 776 (6th Cir. 2003) .................................................................................2, 6

*Sexton v. Uniroyal*, 62 Fed. Appx. 615 (6th Cir. 2003) ........................................3, 7

*Smesler v. Norfolk S. Ry. Co.,* 105 F.3d 299 (6th Cir. 1997).....................................4

*Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003)................................................3, 7, 8

*Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665 (6th Cir. 2010) ..............................11, 13

*Torres v. County of Oakland, et al.*, 758 F.2d 147, 151 (6th Cir. 1985)..................6

*Vaughn v. City of Lebanon*, 18 Fed. App'x 252 (6th Cir. 2001)...........................2, 6

*Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997)................................................6, 9

## FEDERAL RULES

Fed. R. Civ. P. 16...................................................................................................9

Fed. R. Civ. P. 26...............................................................................................2, 9

Fed. R. Civ. P. 37..................................................................................2, 3, 6, 7, 9, 10

Fed. R. Evid. 702 ....................................................................................... 1, 10, 13

## <u>INDEX OF EXHIBITS</u>

**Exhibit A**     Report of Plaintiff's Rebuttal Expert Richard B. Stapleton, J.D.

**Exhibit B**     *Bentley v. Highlands Hosp. Corp.*, No. 15-97-ART-EBA, 2016 U.S. Dist. LEXIS 139414, at *13-14 (E.D. Ky. Oct. 6, 2016)

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THIS COURT PRECLUDE PLAINTIFFS FROM OFFERING OR ELICITING TESTIMONY FROM RICHARD B. STAPLETON, J.D.?

Defendant states:                                    YES.
Plaintiff states:                                      NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Under Fed. R. Civ. P. 26(a)(2)(A)-(C), a party must disclose, in writing, the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705.

Under Fed. R. Civ. P. 26(a)(2)(C), "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Under Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Additionally this Court may impose sanctions including attorney's fees and "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C).

Additionally, Fed. R. Civ. P. 16(f)(1)(C) authorizes this Court to sanction a party for failure to comply with a scheduling order, including those sanctions set forth in Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

When a party's rebuttal expert offers opinions on different subject matter outside the scope of the other party's expert's opinion testimony, Fed. R. Civ. P.

37(C)(1) requires this Court to "impose a sanction for violation of the disclosure requirement," unless the violation was "substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Vaughn v. City of Lebanon*, 18 Fed. App'x 252, 263 (6th Cir. 2001); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

When a party fails to serve expert disclosures and reports, that party is prohibited from calling *any* expert witnesses to support his claims. *See* Fed. R. Civ. P. 37(c)(1); *Sexton v. Uniroyal*, 62 F. App'x 615, 616, n. 2 (6th Cir. 2003); *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

"District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *see also Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011).

*Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589 (1993) and Fed. R. Evid. 702 require that this Court, "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."

"The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon  a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-530 (6th Cir. 2008), citing Fed. R. Evid. 702.

## **I. INTRODUCTION AND STATEMENT OF FACTS**

Plaintiffs Ryan Burgdorf and Neil Emery are suing Defendant Joseph Burtch, D.O. pursuant to 42 U.S.C. § 1983 for allegedly engaging in inappropriate sexual contact with them, during medical examinations at the Central Michigan Correctional Facility (STF). (**Dkt. No. 24**).

This Court's Scheduling Order required Plaintiffs to disclose their expert witnesses and provide reports from their retained experts by November 16, 2016 and for Defendant to do the same by December 16, 2016. (**Dkt. No. 29, Pg. ID 341**). On November 4, 2016, Plaintiffs filed an Amended Witness List "disclosing" the identities of Leon Pedell, M.D. and Barry Mintzes, M.D. but did not indicate that either would offer testimony pursuant to Fed. R. Evid. 702, 703, or 705. (**Dkt. No. 39**). Plaintiff served an electronically signed version of Dr. Pedell's expert report on November 15, 2016. (**Dkt. No. 40, Pg ID 449**). On or about November 30, 2016, Plaintiffs served copies of expert reports for Dr. Pedell and Dr. Mintzes. (**Dkt. No. 42**). Defendant timely disclosed his three (3) experts and served those experts' reports on Plaintiffs on December 16, 2016. (**Dkt. No. 45**).

This Court entered an Order on December 23, 2016, allowing Plaintiffs additional time to disclose and serve expert rebuttal reports until "on or before **Tuesday, January 10, 2017**." (**Dkt. No. 47**). (Emphasis in original). On January 10, 2016, Plaintiffs' counsel served on Defendant's counsel a rebuttal report from

Plaintiffs' disclosed expert Dr. Mintzes. In addition to Dr. Mintzes' rebuttal report, Plaintiffs' counsel also served on Defendants' counsel, on January 10, 2016, the expert report of Richard B. Stapleton, J.D., the Legal Affairs Administrator for the Michigan Department of Corrections (MDOC) until his retirement in 2011, who was "responsible for the development of all policy directives and the coordination of all policy decisions with the Department's Executive Policy Team and the Department of Attorney General." (**Exhibit A, p. 2**).

## II. LEGAL ARGUMENT

Under Fed. R. Civ. P. 26(a)(2)(C), the parties involved in litigation must disclose their retained experts "at the times and in the sequence that the court orders." This sequence includes the opportunity for the submission of rebuttal expert reports which must be intended "*solely*" to contradict or rebut "evidence on *the same subject matter* identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added).

When a party's rebuttal expert offers opinions on different subject matter outside the scope of the other party's expert's opinion testimony, Fed. R. Civ. P. 37(C)(1) requires this Court to "impose a sanction for violation of the disclosure requirement," unless the violation was "substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Vaughn v. City of Lebanon*, 18 Fed. App'x 252, 263 (6th Cir. 2001); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d

776, 782 (6th Cir. 2003). A violation is "harmless" when it is based upon "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). When a party fails to timely disclosure an expert, that party is prohibited from calling that expert witnesses to support his claims. *See* Fed. R. Civ. P. 37(c)(1); *Sexton v. Uniroyal*, 62 F. App'x 615, 616, n. 2 (6th Cir. 2003); *Sommer*, 317 F.3d at 692. "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *see also Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011).

   A.  <u>Richard B. Stapleton, J.D.'s Expert Legal Opinion Testimony Does Not Rebut or Contradict Any of Defendant's Experts' Medical Opinion Testimony.</u>

   Plaintiffs are attempting to cure deficiencies in their case by offering the testimony of Richard B. Stapleton, J.D., a *legal* expert, not a medical expert. According to his expert rebuttal report, Mr. Stapleton was the Legal Affairs Administrator for the Michigan Department of Corrections (MDOC) until his retirement in 2011. (**Exhibit A, p. 2**). During his time with the MDOC, Mr. Stapleton was "responsible for the development of all policy directives and the coordination of all policy decisions with the Department's Executive Policy Team and the Department of Attorney General." (**Exhibit A, p. 2**). He is not a medical doctor, a psychologist, or a psychiatrist. He is a lawyer and can only offer expert

opinion about the law. His opinions, therefore, do not address the same subject matter as Defendant's experts' medical opinions and he does not have the qualifications necessary to even offer an opinion on the relevant subject matter.

1.  *Lawyers are not Qualified to Rebut Expert Medical Opinions*

"The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). Here, there are two specific questions Mr. Stapleton's legal opinions attempt to answer. The first question relates to whether or not the Plaintiffs were physically capable of resisting the Defendant when the alleged conduct occurred. (**Exhibit A, p. 4**). The second question is whether or not the Plaintiffs were physically capable of reporting the alleged conduct when it happened. (**Exhibit A, p. 4**).

Worse than an expert in biomechanics attempting to give medical opinion testimony, s*ee Smesler v. Norfolk S. Ry. Co.,* 105 F.3d 299, 305 (6th Cir. 1997), Mr. Stapleton does not possess any training or education that is even remotely comparable to the training and education Randy Stoltz, M.D., Gerald Shiener, M.D., or Thomas Graves, M.D. possess. Instead, Mr. Stapleton is a lawyer and a former MDOC administrator. (**Exhibit A, p. 2**). While Mr. Stapleton may have extensive experience in the legal realm of the Prison Rape Elimination Act, his

4

legal experience is insufficient to analyze the medical science of what a prisoner is physically capable of doing when he or she is allegedly assaulted. *Ellipsis, Inc. v. Color Works, Inc.*, 428 F. Supp. 2d 752, 758 (W.D. Tenn. 2006), *citing Diviero v. Uniroyal Goodrich Tire Co.,* 919 F.Supp. 1353, 1357 (D. Ariz. 1996) ("Expertise in the technology of fruit is not sufficient when analyzing the science of apples."). As a result, he is not qualified to give an opinion in regards to either of the specific questions his report and opinions seek to answer.

2. *The Subject Matter of Mr. Stapleton's Expert Legal Opinions Differs from Defendant's Experts' Medical Opinions*

Mr. Stapleton's opinions are on the subject of the MDOC's policies and the MDOC's internal investigation of Defendant. (**Exhibit A, p. 3-5**). On the other hand, the medical experts' opinions based on their medical training and experience, centered on the subject of whether the Plaintiffs were "capable of terminating the examination" and "that 'a victimized inmate would not wait 8 days to report this kind of alleged conduct.'" (**Exhibit A, p. 3**). The medical opinions do not explore whether or not the MDOC's investigation was justified, accurate, or fair.

Likewise, Mr. Stapleton's opinions about MDOC policies does not address the *medical question* of whether or not the Plaintiffs where *physically capable* of resisting, or reporting the alleged conduct when it happened. Additionally, Mr. Stapleton relies on MDOC policies to support his opinions, which none of the other medical experts relied on. Thus, subject matter of Mr. Stapleton's opinions

5

about the MDOC's investigation is different than the subject matter of the medical experts' opinions.  Therefore, this Court should treat Mr. Stapleton as an untimely disclosed expert and preclude Plaintiffs from utilizing his testimony in support of any motion or at trial.  *See* Fed. R. Civ. P. 37(c)(1); *Vaughn*, 18 Fed. App'x at 263; *Roberts ex rel. Johnson*, 325 F.3d at 782.

B. <u>Mr. Stapleton's Expert Legal Opinions are Harmful and Not Substantially Justified Because It Supplants the Role of the Jury.</u>

If this Court allows Plaintiffs to utilize Mr. Stapleton's testimony, he will supplant the role of the jury and prevent Defendant from having a fair trial. *See Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("testimony offering nothing more than a legal conclusion—i.e., testimony that does little more than tell the jury what result to reach—is properly excludable" under Rule 702). "[T]he expert's opinion must stop short of embracing the 'legal terminology' which frames the ultimate legal conclusion which the jury must reach in the case." *Alvarado v. Oakland Cty.*, 809 F. Supp. 2d 680, 688 (E.D. Mich. 2011), *quoting Torres v. County of Oakland, et al.*, 758 F.2d 147, 151 (6th Cir. 1985). An expert in a § 1983, such as this one, cannot give an opinion that a Defendant's conduct amounted to a constitutional violation because that opinion would improperly express the ultimate legal conclusion at issue in the case. *See Berry*, 25 F.3d at 1353-54.

Mr. Stapleton's opinion that "the Department effectively responded . . . by

6

revoking Defendants [*sic*] security clearance," because "the evidence was sufficient to support that Defendant violated policies and rules concerning physical contact and had engaged in conduct unbecoming an employee," is his legal conclusion that the Defendant engaged in the alleged conduct. (**Exhibit A, p. 5**). This Court should therefore, preclude Plaintiffs from relying Mr. Stapleton's report or his testimony at trial or in a motion. *See* Fed. R. Civ. P. 37(c)(1); *Sexton*, 62 F. App'x at 616, n. 2; *Sommer*, 317 F.3d at 692; *Pride*, 218 F.3d at 578.

Recently, another district court in the Sixth Circuit addressed a similar situation to the one faced by this Court today:

> [R]ebuttal opinions are limited in scope: They must be 'intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]' expert disclosure. The rebuttal expert 'may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert.' But they may not 'advance new arguments or new evidence' outside the scope of the opposing expert's testimony.
>
> What happens if a party's supplemental or rebuttal disclosure is, in truth, neither supplemental nor rebuttal? Well, substance triumphs over form: The Court will look past the party's label and construe the report as an initial disclosure of an affirmative expert opinion under Rule 26(a)(2)(A)—(C). And if the deadline for such disclosures has passed, then the report is untimely. The question then becomes whether the untimely disclosure was 'substantially justified' or 'harmless.' If it was not, then the Court will bar the disclosing party from offering the tardy opinion at trial.

*Bentley v. Highlands Hosp. Corp.*, No. 15-97-ART-EBA, 2016 U.S. Dist. LEXIS 139414, at *13-14 (E.D. Ky. Oct. 6, 2016) (citations omitted) (**Exhibit B**). In *Bentley*, the court held that the rebuttal expert opinion related to different subject matter, was not justified nor harmless, and was therefore untimely. *Id*. at *18-19. Here, a legal opinion about the MDOC's internal investigation is likewise outside the scope of the subject matter found in Defendant's experts' opinions, is not justified nor harmless, and is thus untimely (because Plaintiffs disclosed Mr. Stapleton after November 16, 2016 (*See* **Dkt. No. 29**)); warranting preclusion of Mr. Stapleton's report and testimony to support Plaintiffs' case at trial or in a motion.

     1. *Harmfulness*

There was no "honest mistake on the part of" Plaintiffs nor did Defendant have any "knowledge" of Mr. Stapleton prior to receiving his rebuttal report on January 10, 2017. *Sommer*, 317 F.3d at 692. Plaintiffs intentionally sought out the expert legal opinion of Mr. Stapleton after the November 16, 2016 disclosure deadline. (**Dkt. No. 29**). By offering opinion in regards to an entirely different subject matter (legal rather than medical), Defendant is irreparably harmed. Defendant's medical experts are not lawyers. The time to disclose experts has passed (*See* **Dkt. No. 29**), thus Defendant does not have the opportunity to retain a legal expert to rebut Mr. Stapleton's expert legal opinions. Even if Defendant did

have the opportunity to retain an additional legal expert to rebut Mr. Stapleton's opinions, this Court cannot allow testimonial legal conclusions to supplant the role of the jury. *Woods*, 110 F.3d at 1220 (6th Cir. 1997). Supplanting the jury's role precludes Defendant's ability to have a fair trial, irreparably harming Defendant.

2. *Substantial Justification*

There are no issues in this case that justify expert testimony from an attorney, thus, there is no substantial justification for Plaintiffs' use of Mr. Stapleton's expert legal opinions in this case. Defendant has not offered any expert legal opinions into evidence, and see no reason to since this case concerns purely medical questions. If Plaintiffs believed a legal opinion would support their theory of the case, they should have made a timely disclosure in accordance with this Court's Scheduling Order, *i.e.* on or before November 16, 2016. (**Dkt. No. 29**).

3. *Precluding Plaintiffs from Proffering Mr. Stapleton's Expert Legal Opinions at Trial or in Support of a Motion is an Appropriate Sanction*

Pursuant to Fed. R. Civ. P. 16(f)(1)(C), Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), *Pride*, and *Pluck* this Court must preclude Plaintiffs from offering or eliciting testimony from Mr. Stapleton "to supply evidence on a motion, at a hearing, or at a trial," Fed. R. Civ. P. 37(c)(1), because his expert report is replete with opinion testimony that is neither contradictory nor is it on the same subject matter as any of Defendant's experts' medical opinion testimony. Fed. R. Civ. P. 26(a)(2)(D)(ii). Additionally, Plaintiffs' failure is not "substantially justified" nor is it "harmless"

9

because there are no issues in this case that make expert legal opinion testimony relevant. *Id.* Therefore, this Court should preclude Plaintiffs from offering or eliciting any testimony from Mr. Stapleton at trial or in a motion, and impose sanctions including attorney's fees and "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," as a result of Plaintiffs' attempt to disguise Mr. Stapleton as a rebuttal expert and supplant the role of the jury with legal opinion testimony. Fed. R. Civ. P. 37(c)(1)(A)-(C).

C.  <u>Alternatively, if Mr. Stapleton's Expert Legal Opinions Relate to the Same Subject Matter as Defendant's Experts' Medical Opinion Testimony, This Court Should Hold a *Daubert* Hearing to Determine the Reliability of His Opinions.</u>

This Court must ensure that Mr. Stapleton's opinions are supported by objective, reliable scientific data if he is allowed to testify at all as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-530 (6th Cir. 2008), citing Fed. R. Evid. 702. This Court's evidentiary **"gatekeeping function requires more than simply 'taking the expert's word for it.'"** *See* Fed. R. Evid. 702 advisory committee's note. (*Emphasis added*). If a court is **"presented with only the experts'**

qualifications, their conclusions and their assurances of reliability. **Under**

***Daubert*, that's not enough."** *Daubert*, 43 F.3d 1311, 1319 (9th Cir. 1995).

(*Emphasis added*).

In *Tamraz v. Lincoln Elec. Co.*, the Sixth Circuit held that a neurologist's

testimony was not properly admissible where there were several speculative jumps

in his line of reasoning. The Sixth Circuit noted that the use of the phrase "with a

reasonable degree of medical certainty" does not automatically make an opinion

admissible and that "the courtroom is not the place for scientific guesswork, even

of the inspired sort." *Tamraz v. Lincoln Elec. Co.* 620 F.3d 665, 670-672 (6th Cir.

2010).

Mr. Stapleton's opinions are nothing more than his speculations. He states

that "it is [his] experience that prisoners . . . often decline to report incidents of

sexual abuse that they have been subjected to by staff or other prisoners." (**Exhibit

A, p. 3**). Mr. Stapleton also opines anecdotally that, "prisoners who had been

abused by staff had in many cases submitted to sexual contact without resistance

for fear of retaliation and the consequences that staff could bring against them."

(**Exhibit A, p. 3**). Mr. Stapleton offers no statistics or any data of any kind to

support his anecdotes. Moreover, he does not cite any scholarly journals or other

reliable scientific sources to sustain his musings.

Without any scientific support, peer-reviewed literature, or data to support his opinion, Mr. Stapleton goes on to proclaim that "Victims, particularly prisoners, are hesitant to report sexual abuse." (**Exhibit A, p. 3**). Moreover, Mr. Stapleton asserts that, "In many cases, prisoners did not report sexual abuse based on their fear of retaliation from their abusers and other staff, as well as, being stigmatized by other prisoners for having been selected for sexual purposes." (**Exhibit A, p. 3**). Here again, Mr. Stapleton speaks only in vague terms without any citations or data.

The only statements in Mr. Stapleton's report that include a citation refer only to public records, namely MDOC policies, which speak for themselves. (**Exhibit A, pp. 3-5**); Fed. R. Evid. 201(b)(2); s*ee also Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005); *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) holding modified on other grounds by *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010). The effect of a misconduct charge on a prisoner's ability to seek parole, or the effect of a transfer to a different correctional facility on a prisoner's ability to participate in a counseling program, or the fact that "[t]here is no allowance in the prisoner disciplinary process for use of force under a theory of self-defense by a prisoner against staff," says nothing scientific about this case. (**Exhibit A, p. 4**). Rather, these statements are nothing more than arguments offered by a lawyer to support

the Plaintiffs' claims.

Thus, if this Court allows Plaintiffs to elicit expert legal opinion testimony from Mr. Stapleton, the Court should hold a *Daubert* hearing to determine whether there is any objective, reliable scientific data to support Mr. Stapleton's legal opinions. *Daubert* 509 U.S. 579 at 589; Fed. R. Evid. 702; *Tamraz*, 620 F.3d at 670-672. Because "the courtroom is not the place for scientific guesswork, even of the inspired sort," the Court should first determine whether there is any science to substantiate Mr. Stapleton's opinions. *Tamraz*, 620 F.3d at 670-672.

### III.    CONCLUSION AND RELIEF REQUESTED

This Court should preclude Plaintiff from eliciting expert testimony from Richard B. Stapleton, J.D. and strike his expert report, because his opinions do not rebut or contradict any of Defendant's experts' medical opinions. However, if this Court does permit Mr. Stapleton to testify as an expert at trial or in support of a motion, this Court should schedule a *Daubert* hearing to determine whether Mr. Stapleton's testimony and opinions are supported by objective, reliable scientific data.

WHEREFORE Defendant, JOSEPH BURTCH, D.O., respectfully requests that this Honorable Court grant this Motion, enter an Order to preclude Plaintiffs from offering or eliciting testimony from Richard B. Stapleton, J.D. and striking his expert report, and grant all other relief that is just and equitable.

13

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated: January 25, 2017                 /s/Kevin A. McQuillan
                                        Ronald W. Chapman, Sr., M.P.A., LL.M.
                                        (P37603)
                                        Kevin A. McQuillan (P79083)
                                        Attorneys for Defendant Joseph Burtch, D.O.
                                        1441 West Long Lake Rd., Suite 310
                                        Troy, MI 48098
                                        (248) 644-6326
                                        rchapman@chapmanlawgroup.com
                                        kmcquillan@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on January 25, 2017, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

                                        /s/Kevin A. McQuillan
                                        Ronald W. Chapman, Sr., M.P.A., LL.M.
                                        (P37603)
                                        Kevin A. McQuillan (P79083)
                                        Attorneys for Defendant
                                        1441 West Long Lake Rd., Suite 310
                                        Troy, MI 48098
                                        (248) 644-6326
                                        rchapman@chapmanlawgroup.com
                                        kmcquillan@chapmanlawgroup.com