UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EMERY and
RYAN BURGDORF,

                Plaintiffs,                Civil Action No. 15-11113
                                                     Honorable Sean F. Cox
v.                                                        Magistrate Judge David R. Grand

JOSEPH R. BURTCH, D.O.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [63]**

       This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. At all relevant times, Plaintiffs Neil Emery ("Emery") and Ryan Burgdorf ("Burgdorf") (collectively "Plaintiffs") were incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan ("STF"). (Doc. #12-1 at ¶¶ 1-2). The sole defendant is Joseph Burtch, D.O. ("Burtch"), who, as a physician for a private medical contractor, treated Plaintiffs during their incarceration at STF. (*Id.* at ¶¶ 3, 6, 25).

       On March 17, 2017, Burtch filed a motion for summary judgment. (Doc. #63). Plaintiffs filed a response in opposition to this motion on April 19, 2017 (Doc. #68), and Burtch filed a reply on April 26, 2017 (Doc. #69). The Court held oral argument on this motion on May 10, 2017.[1] The parties then engaged in settlement discussions which were unsuccessful.

**I.     RECOMMENDATION**

       For the reasons set forth below, **IT IS RECOMMENDED** that Burtch's Motion for

---

[1] An Order of Reference was entered on July 1, 2015, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #6).

Summary Judgment (**Doc. #63**) be **DENIED**.

## II.     REPORT

### A.     Factual Background

As set forth above, Burtch is a licensed Osteopathic Physician, who previously worked at STF. (Doc. #63-6 at pp. 5, 10). While working at STF, Burtch conducted medical examinations of many inmates, including Plaintiffs. (*Id.* at pp. 49-50, 89-90).

In their amended complaint, Plaintiffs allege that Burtch sexually assaulted them while providing medical care, in violation of the Eighth Amendment. More specifically, Emery alleges that during a February 5, 2014 examination of his ear, Burtch "leaned into Emery's knees so that [Burtch's] penis was on Emery's kneecaps, and applied pressure so that Emery could feel his penis against his leg." (Doc. #12-1 at ¶¶ 6-8). Emery also alleges that Burtch "then backed away and grabbed another instrument to inspect Emery's nasal cavities. Once again, [Burtch] leaned his penis onto Emery's knees and moved his hips around from left to right." (*Id.* at ¶ 9). Emery further alleges that, during this incident, he "looked down at his knee area and could see [Burtch] moving his hips back and forth and could see the outline of an erect penis," and that he "could feel [Burtch's] erected penis pressed against his leg." (*Id.* at ¶¶ 10-11). Emery acknowledged at his deposition that he did not object to this conduct at the time it allegedly occurred, nor did he immediately report it, allegedly out of fear of negative repercussions. (Doc. #63-2 at pp. 32-36).

Similarly, Burgdorf alleges that, on several occasions between October 2013 and January 2014, Burtch examined his eyes in conjunction with his complaints of chronic headaches. (Doc. #63-3 at pp. 32-33, 57). Burgdorf alleges that, during these examinations, Burtch "placed his penis on Burgdorf's [] leg and rubbed it around," became "aroused during that rubbing," and then "rubbed his finger on Burgdorf's lips in a sexually suggestive manner." (Doc. #12-1 at ¶¶

26-28). Like Emery, Burgdorf admits that he did not object to this conduct or attempt to report it when it allegedly occurred, ostensibly out of fear of retaliation. (Doc. #63-3 at pp. 57-58, 60).

A few days after Emery's February 5, 2014 appointment with Burtch, Emery disclosed the alleged sexual contact over lunch in the prison cafeteria and asked other inmates whether they had had "any kind of incidents with the doctor, about him touching them inappropriately …." (*Id.* at pp. 49-50). Burgdorf then allegedly "spoke up and [] said, 'I have.'" (*Id.* at p. 50). Emery alleges that he filed a grievance against Burtch two weeks later, indicating that there were "other inmates that this has happened too [sic]." (Doc. #63-2 at p. 36; Doc. #11-2 at 14). Subsequently, Burgdorf also filed a grievance regarding the alleged inappropriate sexual contact. (Doc. #63-3 at pp. 51-52).

On March 24, 2014, Laura Bowers, an investigator with the MDOC, interviewed Burtch as part of a disciplinary investigation. (Doc. #68-3). During that interview, Burtch was asked about the allegations that he rubbed his penis against inmates' legs during medical examinations. (*Id.*). In response, Burtch did not deny that such contact occurred; rather, "he indicated that when he does his exams he may unintentionally get too close to the prisoner, therefore touching his genitals on them." (Doc. #68-2 at 3; Doc. #68-3 at 7).[2]

### B. Standard of Review

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby,*

---

[2] Burtch acknowledges that, following an administrative hearing, the MDOC revoked his security clearance. (Doc. #63-6 at p. 37).

3

*Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)).

  **C.**  **Analysis**

    *1.*  *The Applicable Legal Standards*

The Eighth Amendment protects inmates from cruel and unusual punishment by prison officials. To succeed on an Eighth Amendment claim, a prisoner must establish two elements, one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the prisoner must show that the conduct was objectively "harmful enough" or sufficiently serious to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As the Sixth

Circuit has recognized, "This is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson*, 503 U.S. at 8-9). In addition, the prisoner must establish that the defendant acted with a subjectively "sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8. Burtch now argues that he is entitled to summary judgment because there is (1) "no evidence demonstrating objectively harmful conduct," and (2) "no evidence to show that [his] alleged conduct was unnecessary, wanton, malicious or sadistic in nature." (Doc. #63 at 3). In other words, Burtch argues that Plaintiffs "failed to prove both the objective and the subjective components of their [Eighth Amendment] claims." (*Id.*).

### 2. Plaintiffs Have Established a Genuine Issue of Material Fact as to Whether the Objective Prong of the Analysis Has Been Met

In order to succeed on their Eighth Amendment claim, Plaintiffs must show that, objectively, Burtch's conduct was "sufficiently serious" to rise to the level of a constitutional violation, because "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 8. Sexual harassment may produce a colorable claim for violation of the Eighth Amendment if the alleged harassment was sufficiently harmful, that is, a departure from the evolving standards of decency that mark the progress of a maturing society. *See id.*

In his motion for summary judgment, Burtch concedes that, if true, the alleged conduct – i.e., that he "rubbed his erect penis on [Plaintiffs'] legs during medical appointments" – "would be objectively and 'sufficiently serious' to rise to the level of a constitutional violation." (Doc. #63 at 17). Burtch argues, however, that Plaintiffs cannot satisfy the objective component of an Eighth Amendment claim because they have come forward with (1) no proof that the alleged conduct actually occurred; and (2) no proof of any injury. (*Id.* at 18-25). For the reasons set

forth below, these arguments lack merit.

### a. Proof that the Alleged Conduct Actually Occurred

As discussed above, Burtch bears the initial burden of establishing the absence of a genuine issue of material fact. Burtch recognizes that Plaintiffs offer their own testimony in support of their claims that the alleged conduct occurred, but he attacks the veracity of that testimony, asserting that, at their depositions, both Emery and Burgdorf did little more than regurgitate "almost verbatim" the allegations contained in the Amended Complaint, without any additional detail or further elaboration. (*Id.* at 21). Burtch also points out that the credibility of Plaintiffs' deposition testimony is undermined by the fact that Burgdorf "does not know when exactly Dr. Burtch allegedly touched him"; that, admittedly, neither Emery nor Burgdorf objected to the alleged sexual contact at the time it occurred; and that neither plaintiff immediately reported the conduct. (*Id.* at 20-21 (citing Doc. #63-2 at pp. 31-36 and Doc. #63-3 at pp. 32, 57-58)).

The Court is cognizant, as Burtch asserts, that there is "no evidence beyond the deposition testimony of two (2) convicted felons" to support Plaintiffs' allegations regarding Burtch's conduct. (*Id.* at 22). Nevertheless, that fact alone does not mandate summary judgment in Burtch's favor because, in considering Burtch's instant motion, the Court must view the facts, and the reasonable inferences to be drawn from them, in the light most favorable to Plaintiffs. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587.[3] Thus, for purposes of resolving

---

[3] In his motion, Burtch asserts that, "'When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court [sh]ould not adopt that version of the facts for [] purposes of ruling on a motion for summary judgment.'" (Doc. #63 at 18 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). *Scott* is distinguishable, however. In that case, the Supreme Court held that a police officer was entitled to summary judgment on a motorist's claim that the officer used excessive force in ramming his car after a high-speed chase, despite the fact that the motorist and the officer gave conflicting

the instant motion, the Court must assume the truth of Plaintiffs' deposition testimony regarding Burtch's conduct, and Burtch has admitted that, if true, that conduct would satisfy the objective prong of the Eighth Amendment analysis. (Doc. #63 at 17).

In addition to challenging the credibility of Plaintiffs' testimony, Burtch also points to evidence that he claims establishes that the alleged sexual abuse never took place. (*Id.* at 21-23). Specifically, Burtch cites to the deposition testimony of Michigan State Police Detective Steven Benn, who was assigned to investigate Plaintiffs' allegations, and who found no probable cause to press criminal charges. (*Id.* at 22 (citing Doc. #63-9 at pp. 7, 9, 14-16)). Burtch also relies on his own expert reports, which he claim "unanimously state that the manner in which [he] conducts ear, eye, and nose exams [is] appropriate and [does] not fall outside of any applicable standard of care." (*Id.* at 21 (citing Docs. #63-10, 63-11, 63-12)). These arguments fail to satisfy Burtch's initial burden for the Court to grant summary judgment in his favor.

To begin with, the fact that Detective Benn did not find probable cause to press criminal charges against Burtch does not necessarily disprove Plaintiffs' allegations because the standard of proof is different in a criminal prosecution than in this civil case, and there could have been many reasons why criminal charges were not sought. Thus, the mere fact that criminal charges were not filed against Burtch does not establish that the alleged sexual contact did not occur.

Similarly, Burtch's argument that his expert reports establish that the alleged sexual conduct did not occur is without merit. Burtch attempted to offer the expert reports of Thomas

---

testimony regarding the events in question. *Id.* at 386. There, the conflicting testimony did not create an issue of fact for trial because the record included a videotape capturing the police chase, which clearly contradicted the motorist's version of the events. *Id.* at 379. Here, there is no videotape, or even other evidence of record, which utterly discredits Plaintiffs' version of the facts; rather, it is simply a "he-said/he-said" situation. Under the circumstances, then, *Scott* is inapplicable, and the Court must accept Plaintiffs' deposition testimony as true because, in reviewing a summary judgment motion, "credibility judgments and weighing of the evidence are prohibited." *Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010) (internal quotations omitted).

G. Graves, M.D. and Randall R. Stoltz, M.D., for the proposition that "Dr. Burtch did not engage in any unconstitutional conduct," "Dr. Burtch provided care that was constitutionally and medically appropriate," and "the alleged conduct did not occur." (Docs. #61-2 at 1-2; #61-3 at 2-5). According to Burtch, these reports demonstrate "that his conduct was objectively appropriate and [did] not fall outside of any applicable standard of care." (Doc. #63 at 23). In an Order on Plaintiffs' motion to strike Burtch's experts, the Court concluded that Burtch's experts would be permitted to testify only regarding "the professional standards for performing eye, ear, and nose examinations – in particular with respect to the appropriate positioning for the doctor, and the potential for inadvertent touching to occur . . ." (Doc. #70 at 5). It also determined that the experts would not be permitted to testify that the alleged conduct by Burtch did not occur. (*Id.* at 5-7).

In summary, while the record certainly contains evidence that could cause the jury to question the Plaintiffs' credibility and the veracity of their testimony regarding Burtch's conduct during the examinations in question,[4] Burtch has not shown that Plaintiffs' testimony does not raise a material question of fact on that central issue. Again, at the summary judgment stage, the Court cannot weigh the parties' conflicting evidence or make credibility judgments; instead, where, as here, "the non-moving party presents direct evidence refuting the moving party's motion for summary judgment, the court must accept that evidence as true." *Schreiber*, 596 F.3d at 333 (internal quotations omitted). Thus, at least on the present record, a genuine issue of material fact exists as to whether the alleged sexual contact occurred.

---

[4] As Burtch points out: (1) Burgdorf and Emery admit that they did not object to the alleged conduct at the time it occurred, nor immediately report it thereafter; and (2) Plaintiffs had at least the opportunity to coordinate their allegations before raising them with prison authorities. (Doc. #63 at 12-13).

### *b.* *Proof of Injury*

The Court must next examine whether Plaintiffs have raised a material question of fact that they suffered a cognizable Eighth Amendment injury. In his motion, Burtch argues that Plaintiffs failed to do so because "their medical records show that they have suffered, at most, *de minimis* injuries." (Doc. #63 at 23). Plaintiffs offer only their own assertions that, since the alleged abuse occurred, Burgdorf has suffered from intense nightmares, anxiety, and antisocial personality disorder,[5] and Emery has suffered from a lack of concentration, sleep and appetite impairment, auditory hallucinations, increased anxiety, confusion, and embarrassment. (Doc. #68 at 7 (citing Doc. #24 at ¶¶ 22, 31; Doc. #63-3 at pp. 62-66; Doc. #63-2 at p. 21)).[6] Indeed, despite the fact that Plaintiffs allege in their Amended Complaint that Emery was "undergoing mental health treatment to deal with this trauma" (Doc. #24 at ¶ 23), they failed to produce any medical evidence whatsoever to support their alleged injuries and/or medical treatment.[7]

The problem for Burtch, however, is that in the context of Eighth Amendment claims for sexual assault, the sexual assault itself (again, assuming it occurred) necessarily constitutes

---

[5] Burgdorf also alleges that he has suffered "headaches, dizziness, shortness of breath, [and] numbness in his neck and back area," but Burtch has offered evidence demonstrating that Burgdorf had these problems before the alleged conduct took place. (Doc. #11-2 at 13).

[6] Burgdorf also alleges that his parole was denied because the trauma from this incident kept him from participating meaningfully in group therapy, which was a condition of his parole. (Doc. #68 at 12). However, Burtch has offered evidence that Burgdorf's parole was denied on February 7, 2014 (before he first talked to Emery and then came forward to complain). (Doc. #63-7). Thus, it certainly appears that Burgdorf's parole denial had nothing to do with any injury he suffered as a result of the alleged sexual assault by Burtch.

[7] The Court notes that Defendants did not file a motion to compel medical records or for sanctions for failing to produce such evidence. And, while Burtch does attempt to undermine the conclusions of Plaintiffs' expert witness, Barry Mintzes, Ph.D., who opined as to the psychological harm suffered by Plaintiffs as a result of the alleged sexual contact, that issue is now moot. (Doc. #63 at 23-25). Plaintiffs agreed not to rely on Dr. Mintzes' expert opinion to establish proof of injury or to offer Mintzes as a witness at trial. (Docs. #67 at 3, n. 7; Doc. #70 at 4, n. 4).

"more than a *de minimis* injury." In its earlier Report and Recommendation to deny Burtch's motion to dismiss (Doc. #22, adopted in Doc. #27), the Court provided the following quote from the recent Second Circuit[8] decision in *Crawford v. Cuomo*, 796 F.3d 252, 256-57 (2d Cir. 2015):

> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment. **Similarly, if the situation is reversed and the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident** because there can be no penological justification for such contact.

Other courts have reached similar conclusions. *See, e.g., Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("Sexual offenses forcible or not are unlikely to cause so little harm as to be adjudged *de minimis*, that is, too trivial to justify the provision of a legal remedy."); *Cleveland v. Curry*, 2014 WL 690846, at *7 (N.D. Cal. Feb. 21, 2014) ("prisoners who establish that they were sexually assaulted by correctional officers in violation of the Eighth Amendment have established that their injuries are more than *de minimis*" because "any type of sexual assault is 'always' deeply offensive to human dignity"); *Carrington v. Easley*, 2011 WL 2132850, at *3 (E.D.N.C. May 25, 2011) ("a sexual assault qualifies as 'physical injury' under the [Prison Litigation Reform Act ("PLRA")] …. [E]ven absent a physical injury, sexual assault is an injury of 'constitutional dimensions' as to which the PLRA does not bar recovery").

In this case, the evidence Burtch points to certainly calls into question the existence and severity of Plaintiffs' alleged injuries. And, where Plaintiffs' evidence of ongoing physical or psychological injury is weak, a jury could decline to award more than nominal damages.

---

[8] The Court also explained why this Second Circuit opinion has significant relevance to this Eastern District of Michigan case, and it incorporates that discussion herein by reference. (Doc. #22 at 4-8, adopted in Doc. #27).

However, the case law cited above makes clear that these are matters properly decided by the trier of fact, and that summary judgment is not warranted in this case.

For all of these reasons, the Court finds that Plaintiffs have established a genuine issue of material fact as to whether Burtch engaged in conduct that was objectively "sufficiently serious" so as to violate the Eighth Amendment.

### 3. Plaintiffs Have Established a Genuine Issue of Material Fact as to Whether the Subjective Prong of the Analysis Has Been Met

To satisfy the subjective component of an Eighth Amendment claim, a plaintiff must establish that the defendant possessed a "sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8. "[T]he principal inquiry is whether the conduct is incidental to legitimate official duties … or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford*, 796 F.3d at 257-58.

Burtch argues that Plaintiffs have failed to satisfy the subjective prong because they "have no evidence, beyond their own self-serving testimony, to demonstrate that [he] had a culpable state of mind."[9] (Doc. #63 at 27). Specifically, Burtch points out that Plaintiffs do not

---

[9] Citing *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005), Burtch also argues that the subjective prong of the Eighth Amendment analysis is not satisfied because the alleged conduct was isolated and brief, not severe, and not egregious. (Doc. #63 at 25-29). In *Jackson*, a male prisoner alleged that a prison employee violated the Eighth Amendment by rubbing and grabbing the plaintiff's buttocks "in a degrading and humiliating manner during a 'shakedown' in the prison food area." *Jackson*, 158 F. App'x at 661. As this Court recognized in its prior Report and Recommendation (Doc. #22 at 5-8, adopted in Doc. #27), however, the *Jackson* court relied heavily on the Second Circuit's analysis in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), in concluding that, under the circumstances – where the alleged conduct was isolated (happened only once), brief (lasting for less than one minute), and "not severe" (resulted in no bodily injury) – it was not sufficiently serious to satisfy the objective prong of the Eighth Amendment test. *Id.* Recently, however, *Crawford*, cast a very different light on *Boddie*, saying that "a single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Crawford*, 796 F.3d at 257. Thus, the Court is not persuaded that *Jackson* compels a finding that the alleged events at issue in this case do not rise to the level of a Constitutional violation.

allege that he said anything vulgar or sexually explicit to them, or that he threatened them or retaliated against them in some manner.[10] (*Id.*). Burtch also asserts that there was a legitimate penological purpose for allegedly coming into contact with Plaintiffs – namely, the fact that he was conducting necessary medical examinations when the contact allegedly occurred. (*Id.* at 30). He claims that there is no evidence he "ever gained any type of sexual gratification" and "did not become erect or 'grind' on Emery or Burgdorf." (*Id.*). Indeed, Burtch asserts that, although he may have "leaned into" or "pressed against" Plaintiffs during the course of these medical examinations, any such conduct was incidental to a legitimate examination and does not rise to the level of a constitutional violation. (*Id.*).

Again, however, Burtch is merely disputing Plaintiffs' version of the facts. Emery and Burgdorf testified at their depositions that, on multiple occasions,[11] Burtch became sexually aroused when pressing his genitals into their knees, that they could see and/or feel Burtch's erect penis during the alleged contact, and that Burtch placed his finger on Burgdorf's lips in a sexually suggestive manner. (Doc. #63-2 at pp. 12-16; Doc. #63-3 at pp. 57-62; Doc. #12-1 at ¶¶ 10-11, 26-28). Burtch, on the other hand, denies all of these assertions. (Doc. #63-6 at pp. 115-17). Taking Plaintiffs' allegations as true, which the Court must do at the summary judgment stage, they have established a genuine issue of material fact as to whether Burtch acted with a sufficiently culpable state of mind (i.e., whether he acted for the purpose of arousing or gratifying his sexual desire). *See Crawford*, 796 F.3d at 257 (when an "officer intentionally

---

[10] Burtch cites no case law for the proposition that such a "verbal statement" of intent to harm or retaliate is required, and the Court is not aware of any. Indeed, such a requirement would essentially give prison officials carte blanche to violate the Eighth Amendment with impunity so long as they do not verbalize an intent to harm or humiliate the inmate through their conduct.

[11] As noted above, *supra* at 2-3, Plaintiffs allege that Burtch's conduct occurred on at least five separate occasions. Just as "[r]ecurrences of abuse…bear on the question of severity," *Crawford*, 796 F.3d at 257, so too do they bear on whether the defendant acted with a sufficiently culpable state of mind, *i.e.*, the subjective prong of the Eighth Amendment analysis.

12

brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a[n Eighth Amendment] violation is self-evident because there can be no penological justification for such contact"). In other words, while the trier of fact might ultimately determine that Burtch's alleged actions did not occur at all, or were innocent or inadvertent, and, thus, that he did not possess a sufficiently culpable state of mind, such questions are not properly resolved by this Court at the summary judgment stage. For all of these reasons, a genuine issue of material fact also remains as to whether the subjective prong of the Eighth Amendment analysis is satisfied, and, as a result, Burtch's motion for summary judgment should be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Burtch's Motion for Summary Judgment (**Doc. #63**) be **DENIED**.

Dated: September 22, 2017  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not

<a>

preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2017.

<div style="text-align:right">
s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
</div>

</a>